IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

WILLIE JAMES SEAY,                *

           Petitioner,             *

VS.                                *     CASE NO. 4:05-CV-33
                                         28 U.S.C. § 2254
RALPH BATTLE, Warden,              *

           Respondent.             *

## REPORT AND RECOMMENDATION

On March 30, 2005, a pleading entitled WRIT OF ERROR TO ARREST A VOID SENTENCE, EXTRA-ORDINARY OUT-OF-TIME WRIT TO ISSUE NUNC PRO TUNC ORDER (TO DO WHAT SHOULD HAVE BEEN DONE) AND WRIT OF EMANCIPATION, 13TH AMEND. FED. CONSTITUTION ( RULE FED.R.CIV.P. 60(B) (R-44), was filed in this court under the above caption and case number assigned, together with a Motion for WRIT OF HABEAS CORPUS, 28 U.S.C. § 2241 FOR IMMEDIATE RELEASE WITH 24 HOURS, signed by Petitioner Willie James Seay. (R-45).

In his motions, Petitioner Seay contends that, "Attorney General's office withheld vital information from the record which would have changed the outcome of the writ, and court orders, on habeas review. The habeas court committed grievous error in interpretation of the attorney general's certified evidence which showed that no one made a determination as to the mental state of the petitioner during the time of the crime."

It must be noted that Petitioner attaches to his Rule 60(b) Motion To Arrest Void Judgment (R-44) two letters as Exhibits regarding pre-trial mental examinations of Petitioner.

The first letter dated July 16, 1974, signed by Robert B. Martin, III, M.D, Cuthbert, Georgia, states:

> Dear Judge Geer:
> This letter is in accordance with your request for Sheriff Faircloth[1] to have me see the above prisoner in regards to his mental status. I saw the prisoner and based on his appearance and conduct and conversation, in my opinion he is definitely mentally ill, and I recommend that he have mental therapy.

The second letter attached to Petitioner's Rule 60(b) Motion is dated six months later on December 31, 1974, and is signed by Miguel A. Borch, M.D., Acting Superintendent of the Binion Rehabilitation Center, Central State Hospital, Milledgeville, Georgia. This letter chronicles Petitioner's mental health evaluations by Central State mental hospital and the findings of competence to stand trial for murder.

The foregoing statement of facts is proffered for information only, inasmuch as Petitioner Seay has been before this court seeking relief from these state convictions before and has not obtained authorization from the Eleventh Circuit Court of Appeals to proceed with a second or successive Motion for habeas corpus relief as required by 28 U.S.C. § 2244(b)(3)(A). A review of Petitioner Seay's procedural history in regard to his two 1974 murder convictions is in order at this point.

---

[1] In anticipation of query, the undersigned is of no relation to said Sheriff.

2

## Procedural History

Petitioner Willie James Seay is a State prisoner serving life sentences for Murder convictions upon his guilty pleas in Randolph County Superior Court in 1974. He previously filed in this court an Application for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 14, 1997, in Civil Action No. 4: 97-CV-21, *Willie James Seay vs. Ralph Battle, Warden.* Petitioner Seay's application "attacking the validity of the involuntary guilty pleas and sentences", alleged incompetence to enter a guilty plea, and a due process denial of a mental competence hearing, and ineffective assistance of counsel for failing to attain a withdrawal of the guilty pleas. Petitioner's § 2254 Application was denied by Order of this court dated January 3, 2000. Petitioner Seay appealed to the Eleventh Circuit Court of Appeals which ruled adversely to Petitioner on April 4, 2000.

On April 8, 2003, Petitioner Seay filed a previous Motion in Arrest of Judgment under Rule 60(b) Federal Rules of Civil Procedure, wherein he essentially restated his incompetency claims from his 1997 Section 2254 Application. Petitioner's Rule 60(b) Motion was denied on August 14, 2003. (R-43).

## Conclusion and Recommendation

Petitioner Seay's present motions are clearly intended to attack his State convictions and have the same reviewed again by this court. However, 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order

authorizing the district court to consider the application." In *Lazo v. United States*, 314 F.3d 571 (11th Cir. December 2002), our Circuit Court of Appeals also held:

> the established law of this circuit . . . forecloses [the petitioner's] position that Rule 60(b) motions are not constrained by successive petition rules . . . Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions.

*Lazlo,* 314 F.3d at 574. Petitioner Seay must therefore make application to the Eleventh Circuit Court of Appeals to file a second or successive Application for review. "Without authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Hill v. Hopper,* 112 F.3d 1088, 1089 (11th 1997)." *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003).

WHEREFORE, IT IS RECOMMENDED that Petitioner's Motions be DENIED without prejudice, so that he might seek authorization pursuant to 28 U.S.C. § 2244(b)(3)(A), to file the same from the Eleventh Circuit Court of Appeals. This recommendation is not meant to comment on whether or not Petitioner Seay is time-barred by the AEDPA statute of limitations in regard to collateral attack on his 1974 sentences. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 1st day of April 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE